**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                    (State)

Case number (*If known*): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | | John Varvatos Enterprises, Inc. |
| 2. **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | | N/A |
| 3. **Debtor's federal Employer Identification Number** (EIN) | | 2 0 – 2 0 1 3 5 5 4 |
| 4. **Debtor's address** | **Principal place of business** 26 West 17th Street Number / Street 10th Floor New York  NY  10011 City / State / ZIP Code New York County | **Mailing address, if different from principal place of business** Number / Street P.O. Box City / State / ZIP Code **Location of principal assets, if different from principal place of business** Number / Street City / State / ZIP Code |
| 5. **Debtor's website** (URL) | | https://www.johnvarvatos.com/ |

Debtor   John Varvatos Enterprises, Inc.                                                         Case number (*if known*)_____
         *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>4  4  8  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor  John Varvatos Enterprises, Inc.  Case number (*if known*)_____
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
           District _____  When _____  Case number _____
                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.  Debtor  See Annex 1.  Relationship _____
            District _____  When _____
                                         MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number    Street
    _____
    _____                          _____
    City                                 State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

| Statistical and administrative information |

Debtor    John Varvatos Enterprises, Inc.
          _____    Case number (if known)_____
          Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☐ Funds will be available for distribution to unsecured creditors.<br>☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 |
| | | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million |
| | | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million |
| | | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/06/2020
              MM / DD / YYYY

✗ _____        Joseph Zorda
  Signature of authorized representative of debtor    Printed name

  Title   Chief Financial Officer

Debtor  John Varvatos Enterprises, Inc.  Case number (if known)_____
      Name

18. **Signature of attorney**     ✗ _/s/ D.A.H._____  Date  4/6/2020
      Signature of attorney for debtor      MM / DD / YYYY

    Derek C. Abbott
    Printed name

    Morris, Nichols, Arsht & Tunnell LLP
    Firm name

    1201 N. Market St.
    Number    Street

    Wilmington      DE      19801-1347
    City      State      ZIP Code

    (302) 658-9200      dabbott@mnat.com
    Contact phone      Email address

    3376      DE
    Bar number      State

## Annex 1

**Pending or Current Bankruptcy Cases Filed by Affiliates**

On May 6, 2020, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| John Varvatos Enterprises, Inc. | 20-2013554 |
| Lion/Hendrix Corporation | 90-0818784 |
| John Varvatos Apparel Corp. | 20-2013394 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>John Varvatos Enterprises, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. __-_____ (___)<br><br>Joint Administration Requested |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in John Varvatos Enterprises, Inc. ("JVE") and its debtor subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). JVE, on behalf of the Debtors, respectfully represents the following:

1.  Each Debtor listed in **Exhibit A** is 100% owned by its direct parent.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: John Varvatos Enterprises, Inc. (3554); Lion/Hendrix Corporation (8784); and John Varvatos Apparel Corp. (3394). The Debtors' corporate headquarters and mailing address is 26 West 17th Street, 10th Floor, New York, NY 10011.

# EXHIBIT A

Organizational Chart



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>John Varvatos Enterprises, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. __-_____ (___)<br><br>Joint Administration Requested |

### CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtors and debtors in possession (the "Debtors") provide this list of equity security holders for each Debtor under rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| John Varvatos Enterprises, Inc. | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| Lion/Hendrix Corporation | 26 West 17th Street<br>10th Floor<br>New York, NY 10011 | Shares of Common Stock and Preferred Equity | 100% |

| Lion/Hendrix Corporation | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| Lion/Hendrix Cayman Limited | c/o Stuarts Corporate Services Ltd<br>P.O. Box 2510<br>Grand Cayman KY1-1104<br>Cayman Islands | Shares of Common Stock and Preferred Equity | 100% |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: John Varvatos Enterprises, Inc. (3554); Lion/Hendrix Corporation (8784); and John Varvatos Apparel Corp. (3394). The Debtors' corporate headquarters and mailing address is 26 West 17th Street, 10th Floor, New York, NY 10011.

2

| **John Varvatos Apparel Corp.** | | | |
| --- | --- | --- | --- |
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| John Varvatos Enterprises, Inc. | 26 West 17th Street 10th Floor New York, NY 10011 | Shares of Common Stock and Preferred Equity | 100% |

| Debtor name | John Varvatos Enterprises, Inc. |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | |
| Case No. (If known) | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Class Action Claimants<br>c/o Dunnegan & Scileppi LLC<br>350 5th Ave<br>New York, NY 10118 | Class Action Claimants | Judgment | Contingent, Unliquidated & Disputed | | | $3,521,361.09 |
| 2 | World Textile Sourcing<br>530 7th Ave, Ste 506<br>New York, NY 10018 | World Textile Sourcing | VN - Finished Goods Vendor<br>Vendor 1130 | | | | $1,325,583.09 |
| 3 | Savino Del Bene Usa Inc<br>34 Englehard Ave<br>Avenel, NJ 07001 | Savino Del Bene Usa Inc | FR - Freight<br>Vendor 991093 | | | | $1,192,160.93 |
| 4 | Vornado 40 East 66th Street LLC<br>c/o Vornado Realty Trust<br>888 7th Ave, 44th Fl<br>New York, NY 10022 | Vornado 40 East 66th Street LLC | LL - Landlord | | | | $1,104,672.83 |
| 5 | Hughes Hubbard & Reed LLP<br>1 Battery Park Plz<br>New York, NY 10004 | Hughes Hubbard & Reed LLP | LG - Legal<br>Vendor 440 | Disputed | | | $852,643.18 |
| 6 | Verde Garment Manufacturing Ltd<br>31/F King Palace Plz<br>52A Sha Tsui Rd<br>Tsuen Wan, NT<br>Hong Kong | Verde Garment Manufacturing Ltd | VN - Finished Goods Vendor<br>Vendor 11802 | | | | $769,371.59 |

Debtor name **John Varvatos Enterprises, Inc.**                               Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 Jodan Corp<br>Ste 1201, Arcvalley, 277-43<br>Seongsu-2Ga<br>Seondong-Gu, Seoul 133-120<br>South Korea | Jodan Corp | VN - Finished Goods Vendor<br>Vendor 1364 | | | | $737,942.90 |
| 8 Winter Management Corp<br>680 5th Ave, 23rd Fl<br>New York, NY 10019 | Winter Management Corp<br>Attn: James L Winter<br>Tel: 212-616-8910<br>Email: Jwinter@winterorg.com | LL - Landlord | | | | $696,081.77 |
| 9 Errepi<br>Via G Mercalli 35/A<br>Perugia, PG 06135<br>Italy | Errepi | VN - Finished Goods Vendor<br>Vendor 94501 | Contingent | | | $591,927.49 |
| 10 Katten<br>575 Madison Ave<br>New York, NY 10022 | Katten | LG - Legal<br>Vendor 991253 | | | | $568,187.39 |
| 11 Bhartiya International Ltd<br>E-52, New Manglapuri<br>Mandi Rd, Mehrauli<br>New Delhi, 110030<br>India | Bhartiya International Ltd | VN - Finished Goods Vendor<br>Vendor 990236 | | | | $497,495.00 |
| 12 UPS<br>P.O. Box 7247-0244<br>Philadelphia, PA 19170 | UPS | FR - Freight<br>Vendor 959 | | | | $410,209.62 |

Debtor name **John Varvatos Enterprises, Inc.**                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  Spring Green, LLC<br>c/o Centurion Realty, LLC<br>500 5th Ave, 39th Fl<br>New York, NY 10010 | Spring Green, LLC<br>Attn: Albert M Cohen<br>Tel: 212-204-3450 ext 206<br>Email: Acohen@centurionRE.com | LL - Landlord | | | | $406,536.42 |
| 14  Calzaturificio Victor Srl<br>Socio Unico Cap Soc 10 440,00 IV<br>Via Della Repubblica, 36<br>Cerreto Guidi, FL 50050<br>Italy | Calzaturificio Victor Srl | VN - Finished Goods Vendor<br>Vendor 990 | Contingent | | | $391,767.92 |
| 15  Shree Bharat International Pvt Ltd<br>W-41, Sector-11<br>Noida, Uttar Pradesh 201301<br>India | Shree Bharat International Pvt Ltd | VN - Finished Goods Vendor<br>Vendor 990724 | | | | $371,766.35 |
| 16  Bal Harbour Shops<br>420 Lincoln Rd, Ste 320<br>Miami Beach, FL 33139 | Bal Harbour Shops<br>Attn: Brett French<br>Tel: 305-403-9200<br>Email: bf@whitmanfamilydevelopment.com | LL - Landlord | | | | $323,692.45 |
| 17  US Customs And Border Pr<br>P.O. Box 530071<br>Atlanta, GA 30353 | US Customs And Border Pr | EX - Expense<br>Vendor 968 | | | | $284,716.32 |
| 18  UPS Supply Chain Solution<br>28013 Network Pl<br>Chicago, IL 60673 | UPS Supply Chain Solution | FR - Freight<br>Vendor 963 | | | | $275,030.18 |
| 19  Bravery For All, LLC<br>Ste M3 10/F Kaiser Estate, Phase 3<br>11 Hok Yuen St<br>Hung Hom, Kowloon<br>Hong Kong | Bravery For All, LLC | VN - Finished Goods Vendor<br>Vendor 2136 | | | | $271,657.52 |

Debtor name **John Varvatos Enterprises, Inc.**      Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  New Wtc Retail Owner LLC<br>2049 Century Pk E, 41st Fl<br>Century City, CA 90067 | New Wtc Retail Owner LLC<br>Attn: Andrew Kadolph<br>Tel: 310-689-5666<br>Email: Andrew.Kadolph@urw.com | LL - Landlord | | | | $229,599.57 |
| 21  Meenakshi (India )Ltd<br>29, Whites Rd, Royapettah<br>Chennai, Tamil Nadu 600014<br>India | Meenakshi (India )Ltd | VN - Finished Goods Vendor<br>Vendor 990481 | | | | $214,948.55 |
| 22  South Coast Plaza<br>3333 Bristol St<br>Costa Mesa, CA 92626 | South Coast Plaza | LL - Landlord | | | | $193,818.20 |
| 23  Emporium Mall LLC<br>2049 Century Pk E, 41st Fl<br>Century City, CA 90067 | Emporium Mall LLC<br>Attn: Andrew Kadolph<br>Tel: 310-689-5666<br>Email: Andrew.Kadolph@urw.com | LL - Landlord | | | | $192,070.60 |
| 24  1145 Forum Shops, LLC<br>c/o MS Mgmt Assoc<br>225 W Washington St<br>Indianapolis, IN 46204 | 1145 Forum Shops, LLC | LL - Landlord | | | | $190,035.40 |
| 25  Rebel Rebel Realty Corp<br>10 W 33rd, Ste 516<br>New York, NY 10001 | Rebel Rebel Realty Corp<br>Attn: Elliot Azrak | LL - Landlord | | | | $187,947.37 |
| 26  Century City Mall LLC<br>2049 Century Pk E, 41st Fl<br>Century City, CA 90067 | Century City Mall LLC<br>Attn: Andrew Kadolph<br>Tel: 310-689-5666<br>Email: Andrew.Kadolph@urw.com | LL - Landlord | | | | $186,366.66 |

Debtor name **John Varvatos Enterprises, Inc.**   Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 Microsoft Corp 0005230510<br>c/o Bank of America<br>1950 N Stemmons Fwy, Ste 5010<br>LB 842467<br>Dallas, TX 45207 | Microsoft Corp 0005230510 | IT - IT/Communications<br>Vendor 990160 | | | | $174,571.91 |
| 28 1020 Lincoln Road, LLC<br>420 Lincoln Rd, Ste 320<br>Miami Beach, FL 33139 | 1020 Lincoln Road, LLC<br>Attn: Brett French<br>Tel: 305-403-9200<br>Email: bf@whitmanfamilydevelopment.com | LL - Landlord | | | | $167,681.34 |
| 29 Winner Step Corporation Ltd<br>Unit 909, 9/F, Tower 1<br>Silvercord 30 Canton Rd<br>Tsimshatsui Kowloon<br>Hong Kong | Winner Step Corporation Ltd | VN - Finished Goods Vendor | | | | $166,160.64 |
| 30 Yorkdale Shopping Centre Holdings, Inc<br>c/o Oxford Properties Group<br>Royal Bank Plz, North Tower<br>200 Bay St<br>Toronto, ON M5J 2J2<br>Canada | Yorkdale Shopping Centre Holdings, Inc | LL - Landlord | Contingent | | | $142,179.52 |

# CERTIFICATE AS TO RESOLUTIONS
# ADOPTED BY BOARD OF DIRECTORS
# <u>OF JOHN VARVATOS ENTERPRISES, INC.</u>

I, the undersigned, being duly elected as Secretary of John Varvatos Enterprises, Inc., a Delaware corporation (the "<u>Company</u>"), do hereby certify that the following resolutions were unanimously adopted by the Board of Directors of the Company (the "<u>Board</u>") at a meeting of the Board held on May 6, 2020, and such resolutions have not been amended or rescinded and are now in full force and effect:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of the Company on the date hereof; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and its equity, the creditors of the Company, and other interested parties that a voluntary petition (the "<u>Petition</u>") be filed by the Company under the provisions of Chapter 11 of the Bankruptcy Code to implement a restructuring or sale of the Company; and it is

**FURTHER RESOLVED**, that any Officer be, and each hereby is, authorized and directed on behalf of the Company to execute and verify the Petition in the name of the Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "<u>Chapter 11 Case</u>") in such form and at such time as the Officer executing the Petition on behalf of the Company shall determine, such determination to be conclusively evidenced by the execution thereof by such Officer; and it is

**FURTHER RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that subject to approval of the Bankruptcy Court, the Company, as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to enter into that certain Asset Purchase Agreement (the "<u>APA</u>") by and among the Company, as a seller, and Lion/Hendrix Cayman Limited, as the purchaser, for the sale of substantially all of the Company's assets, as may be further approved, modified, or amended by any Officer, as may be reasonably necessary or desirable, and the execution and delivery by such Officer shall be conclusive evidence of such Officer's approval thereof and the necessity and desirability thereof; and it is

**FURTHER RESOLVED**, that (a) subject to approval of the Bankruptcy Court, the Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, and any and all other documents, including any amendments or other modifications to the foregoing, as

any of the Officers may deem necessary or appropriate to facilitate the sale contemplated by the APA or one or more alternative sale(s) or transaction(s) in respect of the Company's assets that individually, or in the aggregate, represent a higher or otherwise better transaction (such documents, the "Sale Documents"); (b) subject to approval of the Bankruptcy Court, any and all Sale Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any of the Officers are hereby approved; (c) the actions of any Officer taken pursuant to these joint resolutions, including the execution, acknowledgment, delivery, and verification of all agreements, certificates, instruments, and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Officer's approval thereof and the necessity and desirability thereof; and it is

**FURTHER RESOLVED**, that the retention of the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), to represent the Company as bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and it is

**FURTHER RESOLVED**, that the retention of Clear Thinking Group ("CTG"), to provide the Company with financial advisory services on the terms set forth in its engagement letter between CTG and the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of CTG; and it is

**FURTHER RESOLVED**, that the retention of MMG Advisors, Inc. ("MMG"), to provide the Company with investment banking services on the terms set forth in its engagement letter between MMG and the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of MMG; and it is

**FURTHER RESOLVED**, that the retention of Omni Agent Solutions ("Omni"), as notice, claims and balloting agent in connection with the Chapter 11 Case is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11

Case, and cause to be filed an appropriate application for authority to retain the services of Omni; and it is

**FURTHER RESOLVED**, that in connection with the Chapter 11 Case, the Board authorizes and approves the execution, delivery and performance of that certain loan and security agreement (the "DIP Facility") among the Company, as borrower, and Lion/Hendrix Cayman Limited, as lender, substantially on the terms of the draft loan and security agreement, which has been provided to the Board, and with such changes as the Officers or any of them executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the DIP Facility, the "DIP Loan Documents"), and (b) the Officers or any one of them shall be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the DIP Loan Documents, as such Officers or any one of them executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the DIP Loan Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action; and it is

**FURTHER RESOLVED**, that the Officers or any one of them be, and each hereby is, authorized to execute, deliver and file or cause to be executed, delivered and filed (or direct others to do so on their behalf as provided herein) all documents determined by any Officer to be necessary or appropriate, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other actions which he or she determines to be necessary and proper in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the execution, delivery or filing thereof or the taking of any such other action by such Officer; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Officers or other agent of the Company (i) to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case, or (ii) in connection with the DIP Loan Documents, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the Officers or any one of them be, and each hereby is, authorized and empowered to prepare, execute and deliver for and on behalf of the Company (as a debtor and debtor in possession, as applicable), and to cause the Company to perform its obligations under, such agreements, instruments, certificates and any and all other documents and amendments or other modifications necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, including, without limitation, (i) as may be contemplated by the DIP Loan Documents, (ii) as otherwise may be determined to be necessary or appropriate by such Officer in connection with the transactions contemplated by the DIP Loan Documents and the exercise or performance by the Company of its rights or obligations thereunder, or (iii) as may be determined to be necessary or appropriate by such Officer in connection with the conduct of the Chapter 11 Case, including, without limitation, any disclosure statement and/or other plan documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be determined to be necessary or appropriate

3

by the Officer or Officers so acting, such determination to be conclusively evidenced by the execution thereof by such Officer; and it is

**FURTHER RESOLVED**, that the Officers or any one of them be, and each hereby is, authorized and empowered to engage such further accountants, counsel, consultants or advisors and to do such other acts and things as may be determined to be necessary or appropriate by the Officer or Officers so acting in order to fully effectuate the purpose and intent of the foregoing resolutions and to accomplish the transactions contemplated thereby, such determination to be conclusively evidenced by the retention or taking of any such action by such Officer; and it is

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified.

IN WITNESS WHEREOF, the undersigned has signed this Certificate as to Resolutions on this 6th day of May, 2020.

_____
Joseph Zorda, Secretary

**Fill in this information to identify the case and this filing:**

Debtor Name  John Varvatos Enterprises, Inc.

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                                      (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement, Creditor Matrix, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/06/2020   ✗ _/s/ Joseph Zorda_____
           MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                                  Joseph Zorda
                                                  Printed name

                                                  Chief Financial Officer
                                                 Position or relationship to debtor