# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| John Varvatos Enterprises, Inc., *et al.*, | Case No. 20-11043 (MFW) |
| Debtors.[1] | Jointly Administered |
| | Re: D.I. 516 |

**INITIAL ORDER (I) ESTABLISHING PROCEDURES WITH RESPECT TO ALLOWED CLAIMS AND FINAL FEE APPLICATIONS; (II) AUTHORIZING THE DEBTORS TO MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED CLAIMS; (III) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (IV) AUTHORIZING PROCEDURES FOR DISMISSING THE DEBTORS' CHAPTER 11 CASES AND DISSOLVING THE DEBTORS IN ACCORDANCE WITH APPLICABLE STATE LAW; AND (V) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for Entry of an Initial Order and a Further Order (I) Establishing Procedures With Respect to Administrative Claims and Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Claims; (III) Authorizing the Debtors to Abandon Certain Property; (IV) Dismissing the Debtors' Chapter 11 Cases; (V) Authorizing the Debtor Entities to Be Dissolved in Accordance With Applicable State Law; and (VI) Granting Related Relief* (the "Motion")[2] for entry of an order, pursuant to sections 105(a), 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1017, 2002, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: John Varvatos Enterprises, Inc. (3554); Lion/Hendrix Corporation (8784); and John Varvatos Apparel Corp. (3394). The Debtors' corporate headquarters and mailing address is 26 West 17th Street, 10th Floor, New York, NY 10011.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The objection (D.I. 530) of the 13 Opt-In plaintiffs and the class certified by the United States District Court for the Southern District of New York is overruled.

3. Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals shall file final fee applications for Professional Fees twenty-one (21) days after service of a notice of final fee hearing by the Debtors (the "Notice of Final Fee Hearing"). Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, within fourteen (14) days after the Final Fee Application Deadline. The Notice of Final Fee Hearing will include the date provided by the Court for the hearing, if necessary, on any disputes related to Final Fee Applications. The Notice of Final Fee Hearing shall be filed on the docket in these Chapter 11 Cases and served on all Professionals and the U.S. Trustee and no further notice shall be required.

4. The deadline for each person or entity (individuals, partnerships, corporations, joint ventures, trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code)) to file an Administrative Claim arising during the Supplemental

Administrative Claims Period shall be 30 days following service of the Supplemental Bar Date Notice attached to the Motion as Exhibit C. Except as otherwise provided herein, each person or entity asserting an Administrative Claim arising during the Supplemental Administrative Claims Period shall be required to file an Administrative Claim Form, which is attached to the Motion as Exhibit D. The Debtors shall serve the Supplemental Bar Date Notice with an Administrative Claim Form on the same parties as those identified in paragraph 11 of the Bar Date Order.

5. With respect to preparing and filing of an Administrative Claim Form, each Administrative Claim Form shall be required to conform to the following:

    a. Administrative Claim Forms must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

    b. Administrative Claim Forms must be filed (i) electronically through the website of the Debtors' claims and noticing agent, Omni, using the interface available on such website located at www.omniagentsolutions.com/JohnVarvatosEnterprises (the "Electronic Filing System") or (ii) by delivering the original Administrative Claim Form by hand, or mailing the original Administrative Claim Form, on or before the applicable Bar Date as follows:

        **By hand delivery, courier service, or mail:**

        John Varvatos Enterprises, Inc. Claims Processing
        c/o Omni Agent Solutions
        5955 De Soto Ave., Suite 100
        Woodland Hills, CA 91367

    c. An Administrative Claim Form shall be deemed timely filed only if it **actually is received** by Omni as set forth in subparagraph (b) above, in each case, on or before the Supplemental Administrative Claims Bar Date; and

   d.  Administrative Claims Forms sent by facsimile, telecopy, or electronic mail transmission (other than Administrative Claims Forms filed electronically through the Electronic Filing System) **will not** be accepted.

6. Any entity that believes that its claim against the Debtors is or may be an Administrative Claim that arises during the Supplemental Administrative Claims Period must file an Administrative Claim Form before the Supplemental Administrative Claims Bar Date. The following entities whose claims would otherwise be subject to the Supplemental Administrative Claims Bar Date need not file an Administrative Claim Form:

   a.  any person or entity who already has filed a signed Administrative Claim Form with Omni against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Administrative Claim Form, as applicable;

   b.  any person or entity who holds a claim that has been allowed by order of the Court entered on or before the Supplemental Administrative Claims Bar Date;

   c.  any person or entity whose claim has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of the Court;

   d.  any person or entity who holds a claim for which a separate deadline has been fixed by an order of this Court entered on or before the Supplemental Administrative Claims Bar Date;

   e.  any current officer, director, or employee of the Debtors for claims based on indemnification, contribution, or reimbursement; and

   f.  any person or entity that has an Administrative Claim for professional fees and expenses for which (i) such person or entity has been retained by an express order of the Court pursuant to section 327, 328, 363 or 1103 of the Bankruptcy Code, and (ii) such person or entity is seeking compensation for such services through filed monthly fee statements and applications in accordance with the Interim Compensation Order,[3] or through similar reporting mechanisms.

---

[3] *See Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, entered June 26, 2020 (D.I. 238) (the "Interim Compensation Order").

7. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file an Administrative Claim Form on or before the Supplemental Administrative Claims Bar Date, but fails to do so, (i) shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these chapter 11 cases on account of such Administrative Claim; and (ii) forever shall be barred, estopped, and enjoined from asserting such claim against the Debtors and their property (or filing an Administrative Claim with respect thereto), and the Debtors and their chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

8. For the avoidance of doubt, nothing in this Order shall alter, amend, modify or change the Bar Dates approved by the Bar Date Order.

9. Notwithstanding anything to the contrary in the Motion or this Order, (a) none of ACE American Insurance Company, Federal Insurance Company and/or any of their U.S.-based affiliates (the "Chubb Companies") need file any Administrative Claim for any premiums or audit premiums due at any time under certain insurance policies issued by the Chubb Companies to the Debtors (Policy Numbers 73574911, 99490693, 79836420, 71743563, 35889055, 35956172) (together with any agreements related thereto, the "Identified Chubb Policies") by the Supplemental Administrative Claims Bar Date, and the Chubb Companies shall not waive, and shall not be deemed to have waived, any such Administrative Claim for not filing such Administrative Claim by the Supplemental Administrative Claims Bar Date; and (b) the Debtors' Chapter 11 Cases shall not be dismissed until the date after which (i) aforementioned Administrative Claims for premium payments due under the Identified Chubb Policies and any filed claims by the Chubb Companies have been resolved in accordance with this Order, stipulation and/or other order of the Court, and (ii) the Debtors have made payment in satisfaction of such

claims. For the avoidance of doubt, nothing in this paragraph shall affect, alter or modify the requirements of, and Bar Dates established by, the Bar Date Order with respect to Administrative Claims asserted by the Chubb Companies.

10. After Final Fee Applications have been heard, allowed Professional Fees have been paid, and U.S. Trustee fees have been calculated and reserved, the Debtors (i) are authorized to distribute payments to holders of Allowed Administrative Claims, including any allowed claims under section 503(b)(9) of the Bankruptcy Code, and Allowed Priority Unsecured Claims, (ii) are authorized to make pro rata distributions to holders of Allowed General Unsecured Claims from the GUC Recovery Amount, and (iii) shall file all monthly operating reports and pay all U.S. Trustee fees in full.

11. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon any remaining assets of the estates.

12. As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Professional Fees, and payment of Allowed Claims, the Debtors shall file a certification (the "<u>Certification</u>") of counsel requesting entry of the Dismissal Order substantially in the form attached to the Motion as Exhibit B. Among other things, the Certification must report that (a) all U.S. Trustee fees have been paid in full and all Monthly Operating Reports have been filed; (b) the Professional Fees incurred in the Chapter 11 Cases have been approved and paid in full; (c) Allowed Administrative Claims and Allowed Priority Unsecured Claims have been satisfied in full; (d) pro rata distributions of the GUC Recovery Amount have been made to holders of General Unsecured Claims; and (e) the issues raised by Westchester Fire Insurance Company ("<u>Westchester</u>") in its limited objection (D.I. 312) to the Sale Motion as preserved by the Sale Order (which will be the subject of an additional motion to be filed by Westchester on or

before December 7, 2020), have been resolved by stipulation or final order of the Court. A distribution schedule setting forth the Allowed Claims shall be filed on the docket in these Chapter 11 Cases no later than seven (7) days prior to the date that the Certification is filed.

13. The Certification shall be served only on the Notice Parties and no further notice regarding the dismissal of the Chapter 11 Cases shall be required. The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

14. Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed in accordance with the provisions of this Order.

15. With respect to any Books and Records to be destroyed or abandoned, and that will not otherwise be transferred to Lion/Hendrix Cayman Limited or its assignee pursuant to the Sale Order and APA, relevant to (a) claims asserted against any policies issued at any time by the Chubb Companies and any agreements related thereto (collectively and including, for the avoidance of doubt, the Identified Chubb Policies, the "Chubb Insurance Program"), (b) claims asserted against any surety bonds issued to the Debtors by Westchester, and/or (c) any obligations of the Debtors for which Westchester issued a bond, the Debtors shall give the Chubb Companies and Westchester, (i) the appropriate contact at the storage facility where the records are held and whatever authorization the storage facility requires to allow the Chubb Companies and/or Westchester to take possession of all or any portion of such records at their current location and (ii) no less than thirty (30) days each following written notice by the Debtors to the Chubb Companies' and Westchester's respective counsel of record of the Debtors' intention to destroy or abandon the Books and Records to take possession thereof prior to commencing destruction

thereof. With respect to any Books and Records that have been or will be transferred to Lion/Hendrix Cayman Limited or its assignee pursuant to the Sale Order and the APA, the Debtors shall be deemed to authorize Lion/Hendrix Cayman Limited and its assignee to provide the Chubb Companies and/or Westchester, upon request from the Chubb Companies and/or Westchester, with Books and Records related to the Chubb Insurance Program and/or the Surety Bonds, any claims against the Surety Bonds and/or any obligations of the Debtors for which Westchester issued a bond, as appropriate. The Chubb Companies or Westchester, as appropriate based on which entity is requesting the Books and Records, shall be responsible for any and all expenses of taking possession of such records or making copies of such records to be taken.

16. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

17. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: November 30th, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**