# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| John Varvatos Enterprises, Inc., *et al*, | Case No. 20-11043 (CTG) |
| Debtors.[1] | Jointly Administered |

## ORDER OF DISMISSAL AND DISSOLUTION

Upon the *Debtors' Motion for Entry of an Initial Order and a Further Order (I) Establishing Procedures With Respect to Administrative Claims and Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Claims; (III) Authorizing the Debtors to Abandon Certain Property; (IV) Dismissing the Debtors' Chapter 11 Cases; (V) Authorizing the Debtor Entities to Be Dissolved in Accordance with Applicable State Law; and (VI) Granting Related Relief* (the "Motion")[2], that certain Initial Order granting the Motion, entered on November 30, 2020 (D.I. 555), and the *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases* (D.I. [ ]), it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: John Varvatos Enterprises, Inc. (3554); Lion/Hendrix Corporation (8784); and John Varvatos Apparel Corp. (3394). The Debtors' corporate headquarters and mailing address is 26 West 17th Street, 10th Floor, New York, NY 10011.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

3. Pursuant to section 1112(b) of the Bankruptcy Code, each of the Chapter 11 Cases are dismissed effective as of the entry of this Order.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

5. Each of the Professional's retentions is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms. The retention of the Debtors' claims agent is likewise terminated, effective immediately, without the need for further action on the part of this Court or the Debtors. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, the Debtors' claims agent shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

6. The Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of the remaining Books and Records in their discretion, and to make all payments necessary to effectuate such destruction, except as provided in paragraph 15 of the Initial

Dismissal Order; provided, however, that any documents containing personally identifiable information must be shredded.

7. As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate or shareholder action or action of the board of directors of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution. Any officer of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with law of the state of Delaware or the state in which any Debtor entity was formed.

8. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

9. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

10. Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

**Dated: June 30th, 2021**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**